# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEXTER HENNINGTON<br><br>Plaintiff,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., et al.<br><br>Defendants. | CIVIL ACTION NO.<br>1:09-CV-00676-RWS |

| | |
|---|---|
| DEXTER HENNINGTON,<br><br>Plaintiff,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:09-CV-00962-RWS |

## **ORDER**

Civil Action Number 1:09-CV-00676-RWS is before the Court on Plaintiff's Motion for Emergency Preliminary Injunctions or Temporary Restraining Order [Dkt. No. 2], Motion of Defendants Aurora Loan Services,

LLC ("Aurora") and Mortgage Electronic Registration Systems, Inc. ("MERS") to Dismiss [Dkt. No. 3] and to Consolidate [Dkt. No. 6]. And Civil Action Number 1:09-CV-00962-RWS is before the Court on Plaintiff's Motion for Emergency Preliminary Injunctions or Temporary Restraining Order [Dkt. No. 3] and Motion of Defendants Aurora and MERS to Consolidate [Dkt. No. 2]. As an initial matter, the Court hereby **WITHDRAWS THE REFERENCE** of both of these cases to Magistrate Judge C. Christopher Hagy. After considering the entire record in both of these cases, the Court enters the following Order.

## Background[1]

### A. Loan Refinance

In April 2007, Plaintiff applied for a refinance loan for a property located at 1434 Hosea L. Williams Drive, Atlanta, Georgia. On April 17, 2007, Plaintiff closed a refinance loan with lender GreenPoint Mortgage Funding (hereinafter "GreenPoint"), in the principal amount of $288,000.00. According to the Security Deed, Plaintiff's refinance loan was secured by the property located at 1434 Hosea L. Williams Drive, Atlanta, Georgia. MERS is a

---

[1]The Court makes no findings with regard to the facts stated herein, which are drawn primarily from Plaintiff's Petition [Dkt. No. 1], Ex. B. and from Defendant's Motion to Dismiss [Dkt. No. 3].

nominee for the lender and its assigns relative to Plaintiff's loan. Aurora is the servicer and authorized agent of the lender with respect to Plaintiff's loan.

Plaintiff defaulted on repayment of the loan and the loan is and remains due to the February 1, 2008 payment. Plaintiff failed to cure the default on his loan, and on May 17, 2008, Aurora, as servicer of Plaintiff's loan, referred the matter to foreclosure counsel, McCurdy & Candler, LLC, to initiate foreclosure on the property.

## B. Bankruptcy Proceedings

On June 18, 2008, Plaintiff filed a voluntary Petition for Chapter 13 Bankruptcy in the U.S. Bankruptcy Court for the Northern District of Georgia, Case No. 08-71421-CRM. Plaintiff's bankruptcy filing stayed the foreclosure proceeding and other debt collection activity because of the bankruptcy automatic stay provisions. 11 U.S.C. § 362. Aurora filed its Proof of Claim on July 8, 2008, establishing a secured claim in the amount of $306,377.49, including an arrearage of $10,343.07.

On July 17, 2008, Plaintiff filed the required Bankruptcy Schedules, identifying certain loan obligations to Aurora in the amount of $293,891.00, without designating the Secured Claim of Aurora as "disputed." However, on

3

August 12, 2008, an order was entered dismissing Plaintiff's Chapter 13 Bankruptcy case due to his failure to pay the filing fee. The case terminated on September 5, 2008.

On September 29, 2008, Plaintiff filed a second voluntary Petition for Chapter 13 Bankruptcy, Case No. 08-79089-CRM. On December 17, 2008, an Order was entered dismissing Plaintiff's second bankruptcy case. The order indicated that the denial of confirmation was due to Plaintiff's failure to fund the plan. Thus the second bankruptcy proceeding was terminated on January 12, 2009.

## C. Fair Debt Collection Practices Act

Meanwhile, on June 9, 2008, Plaintiff issued a demand for debt validation pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"). Even though the foreclosure proceedings and debt collection activity of foreclosure counsel ceased upon Plaintiff's filing for bankruptcy, Defendants responded to Plaintiff's fair debt dispute letter on July 15, 2008, giving Plaintiff the information necessary to validate the debt pursuant to the FDCPA. During the pendency of the second bankruptcy proceeding, Plaintiff sent Aurora a document entitled "Rescission Demand Notice" dated October 7,

4

2008.  In this Notice, Plaintiff stated that "[y]ou . . . have received my Affidavit of Non-Response for Debt Validation and my Affidavit of Security Deed Illegality."  However, Defendants contend that the documents described by Plaintiff as "Affidavit Certificate of Non Response" and "Affidavit of Security Deed Illegality" carry illegible dates, with the exception of the record stamp dated 10/10/08.  Thus the only legible date on these documents comes after the October 7, 2008 Rescission Demand Notice letter.  Furthermore, Aurora is unable to confirm the receipt of any Rescission Demand Notice from Plaintiff.  However, it is not disputed that there was no response by Aurora to the Notice, which appears to encompass a dispute of debt under the FDCPA.

**D. Current Litigation**

On January 16, 2009, Plaintiff filed an action in the Superior Court of Fulton County against Aurora and MERS, as well as GreenPoint Mortgage Funding, Inc., Residential Funding Corporation, and McCurdy & Candler, LLC.  Defendants Aurora and MERS removed the Fulton County action to this Court on April 8, 2009, and the case is presently pending as Case No. 1:09-CV-962-RWS.

On February 3, 2009, Plaintiff filed an identical suit against the same Defendants in the Superior Court of DeKalb County. Defendants Aurora and MERS removed the DeKalb County action to this Court on March 11, 2009, and the case is presently pending as Case No. 1:09-CV-676-RWS.

Defendants Aurora and MERS allege that they have not been properly served with process, and they wish not to waive any defenses with regard to service of process, sufficiency of process, or personal jurisdiction. In both cases, Plaintiff alleges a claim for wrongful foreclosure in violation of O.C.G.A. § 44-14-236, the Truth In Lending Act (hereinafter "TILA") because he had exercised his purported right to rescind the mortgage. Plaintiff also asserts claims arising under the FDCPA. Defendants removed this action from state court to federal court based on federal question jurisdiction. Plaintiff has moved for a Preliminary Injunction or Temporary Restraining Order, while Defendants have moved to consolidate and to dismiss.

## Analysis

### I. Motions to Consolidate

Defendants Aurora and MERS seek to consolidate these two cases pursuant to Federal Rule of Civil Procedure 42(a). Pursuant to this rule, the

Court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Common questions of law and fact exist in these cases because the complaints are essentially identical. Thus, the Court finds that these cases should be consolidated. Accordingly, the Motions to Consolidate [Dkt. No. 6 in Case No. 1:09-CV-696-RWS and Dkt. No. 2 in Case No. 1:09-CV-962] are hereby **GRANTED**. These actions shall be consolidated in Case No. 1:09-CV-696-RWS. The Clerk shall administratively close Case No. 1:09-CV-962-RWS.

**II. Motions for Preliminary Injunction or Temporary Restraining Order**

Plaintiff moves in both actions for a Preliminary Injunction or Temporary Restraining Order. It is settled law in this Circuit that a preliminary injunction is an "extraordinary and drastic remedy." Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) . . . irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

7

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).  The issuance of a preliminary injunction is, indeed, an extraordinary remedy that should not be granted unless the movant clearly carries the burden of persuasion as to the four elements.  Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990).

Plaintiff asks for an Emergency Preliminary Injunction and Temporary Restraining Order restraining Defendants from moving forward with allegedly illegal foreclosure proceedings until all legal claims to the property at issue have been resolved.  Defendants oppose Plaintiff's Motion, arguing that Plaitniff has failed to sufficiently establish or offer any support for an entitlement to the extraordinary relief requested.

After considering the entire record and the arguments of all parties, the Court concludes that Plaintiff has failed to establish entitlement to a preliminary injunction or a temporary restraining order.  First, Plaintiff has failed to point to any facts that would demonstrate that he is likely to succeed on the claims he has asserted.  Nor has he addressed whether the threatened injury of foreclosure outweighs the harm that the relief would inflict on Defendants.  Further,

8

Plaintiff presents no evidence that he will suffer immediate or irreparable harm or injury. And finally, he fails to establish that the requested relief would serve the public interest in any way. For these reasons, Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order (1:09-CV-00676-RWS [Dkt. No. 2] and 1:09-CV-00962-RWS [Dkt. No. 3]) are **DENIED**.

### III. Motion to Dismiss

Defendants Aurora and MERS also move to dismiss the claims against them in this case. When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true all facts set forth in the plaintiff's complaint. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted); FED R. CIV. P. 12(b)(6). Further, courts must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); FED. R. CIV. P. 12(b)(6). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); FED. R. CIV. P. 8. See

also Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (May 21, 2007) (citations omitted); Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005).

The Supreme Court has introduced the plausibility standard for motions to dismiss. See Twombly, 127 S.Ct. at 1964-68. The non-movant's factual allegations must raise the right to relief above the speculative level. Id. at 1964. The Supreme Court stressed that "[a]sking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [that is relevant]." Id. at 1965.

When considering a Motion to Dismiss, the court is normally required to limit itself to consideration of the allegations of the complaint and documents attached thereto. Fed. R. Civ. P. 12(b)(6). However, the court may take judicial notice of certain documents attached to a motion to dismiss, without converting the motion to one for summary judgment. Harford v. Delta Air Lines, Inc., 2008 U.S. Dist. LEXIS 6838, at *4-5 (N.D. Ga., Jan 30, 2008). These extraneous documents may include, but are not limited to, public records and public filings in other district courts. Id. at *5 (citing Universal Express, Inc. v. S.E.C., 177 Fed. App'x 52, 53 (11 th Cir. 2006)).

10

The Court recognizes that pro se pleadings are held to a less stringent standard and must be liberally construed. Trawinski v. United Technologies, 313 F.3d 1295, 1297 (11th Cir. 2002). However, even though a pro se complaint is held to less stringent standards than formal pleadings drafted by attorneys, "the Court need not accept as true legal conclusions or unwarranted factual inferences." Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6 th Cir. 2006). Nothing in the leniency accorded a pro se filing excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. Trawinski, 313 F.3d at 1297. A court's inquiry at this stage of the proceedings focuses on whether the challenged pleading "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

With this legal standard as a foundation, the Court turns to address Defendants' Motion to Dismiss. Defendants argue that Plaintiff fails to state a claim under O.C.G.A. § 44-14-236, the TILA and the FDCPA. Defendants also contend that Plaintiff has failed to state an actionable claim for "fraudulent debt" or "fraudulent security deed." In spite of being given the most generous

11

of readings, the Court concludes that Plaintiff has failed to meet his burden with regard to any of the claims asserted in this case.

## A. Violations of O.C.G.A. § 44-14-236

First, Plaintiff appears to assert a claim under O.C.G.A. § 44-14-236. Defendants argue in their brief, however, that the "wrongful foreclosure" statute relied upon by Plaintiff, O.C.G.A. § 44-14-236, has no applicability to non-judicial foreclosure sales of real property. The statutory provision cited by Plaintiff in his Petition relates to foreclosures of personalty. O.C.G.A. § 44-14-236. Non-judicial foreclosures in Georgia are governed by O.C.G.A. § 44-14-162, et seq. In fact, the correct statute was cited on the Notice of Foreclosure Sale sent to Plaintiff by McCurdy & Candler on October 2, 2008. Plaintiff fails to allege any facts supporting a conclusion that the foreclosure failed to comply with O.C.G.A. § 44-14-162, et seq. Plaintiff has alleged no plausible facts or legal theory for recovery under the correct statute, either. For these reasons, his wrongful foreclosure claims against Defendants shall be **DISMISSED**.

## B. Truth in Lending Act Claims

Plaintiff also asserts claims under TILA in his Petition, alleging that Defendants are in default on his TILA rescission demand. TILA is a federal

12

statute in Title 1 of the Consumer Credit Protection Act. 15 U.S.C. § 1601 et seq. TILA is designed to protect consumers in credit transactions, and in essence requires certain disclosures be given to borrowers and provides consumers with a right to cancel or rescind certain credit transactions, in which a consumer's principal dwelling is given as security for a loan. The "right of rescission" provision of TILA is described in detail at 15 U.S.C. § 1635. When a proper right of rescission is exercised, it imposes certain obligations upon the creditor within twenty (20) days after receipt of such notice. 15 U.S.C. § 1635(b).

Plaintiff appears to contend that the October 7, 2008 document entitled "Rescission Demand Notice" automatically operated to negate Defendants' security interest in his property, thus rendering the foreclosure on the property "wrongful." However, Defendants argue that the TILA right of rescission is not applicable to Plaintiff's loan transaction at issue here. Indeed, it is well-settled that the right of rescission applies only to credit transactions in which a security interest will be retained in a property which is used as the principal dwelling of the borrower. 15 U.S.C. § 1635(a).

13

Defendants contend that the security interest retained by Defendants, and upon which foreclosure was initiated, was in an investment property, not in Plaintiff's principal dwelling. Defendants cite Plaintiff's execution of a 1-4 Family Rider for Assignment of Rents in conjunction with his Security Deed at the closing of the loan on April 17, 2007 as evidence of the investment status of this property. See Ex. 1-B, Security Deed with 1-4 Family Rider. Moreover, Defendants contend, Plaintiff identifies in his Bankruptcy Schedule A of Real Property "1 Family Home" at 2725 Lost Lake Drive, Powder Springs, Georgia. See Exhibit 2 to Def.'s Memo. In Supp. Of Mot. To Dismiss, [Dkt. No.3]. Thus the property at issue in this litigation is not his residence and would not fall within the right of rescission provision. For this reason, the Court concludes that this claim is **DISMISSED**.

To the extent that Plaintiff's Petition asserts other claims under TILA regarding the sufficiency of pre-closing loan disclosures, these claims are time-barred. Even if Plaintiff did allege sufficient facts to support such a claim, actions to impose civil liability for an alleged violation of TILA must be filed within a one-year statute of limitations from the date of consummation of the transaction. 15 U.S.C. § 1640(c), see also Smith v. American Financial Sys.,

Inc., 737 F.2d 1549 (11th Cir. 1984). The subject loan transaction in this case was consummated on April 17, 2007. Exs. 1-A and 1-B. As such, Plaintiff's claims for civil liability arising out of purported violations of TILA are time-barred. Streib v. St. James Bank & Trust Co., 642 F. Supp. 910 (E.D. La. 1986). Likewise, these claims are **DISMISSED**.

## C. Fair Debt Collection Practice Act Claims

Plaintiff also asserts claims under the FDCPA. He contends thathe submitted a written demand on June 9, 2008, to Auroroa, MERS, and McCurdy & Candler to validate any claim of debt against Plaintiff pursuant to the FDCPA.

This statute was intended by Congress to eliminate abusive debt collection practices by debt collectors, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692, et seq. The FDCPA provides that when a timely written request for validation of a debt is received by a debt collector, it must cease collection activities until such time as it mails verification of the debt to the debtor. 15 U.S.C. § 1692g(b). In this case, it is not disputed that the law firm of McCurdy & Candler, LLC, was

15

acting as a debt collector on behalf of the Creditor, Residential Funding, Inc., at the request of Aurora as servicer of the loan.

It is well established that the FDCPA applies only to "debt collectors" and not to creditors or mortgage servicers. 15 U.S.C. § 1692a(6). Defendants were not debt collectors because they were attempting to collect their own debt from Plaintiff. See Humphrey v. Washington Mutual Bank, F.A., 2007 U.S. Dist. LEXIS 40279 (N.D. Ga., June 1, 2007). Based upon the foregoing, Plaintiff's Petition fails to state a claim against these Defendants under the FDCPA. Therefore, these claims are due to be **DISMISSED**.

Furthermore, even if the actions of the foreclosure firm could be construed as those of the Defendants for purposes of "debt collection" under the FDCPA, foreclosure counsel did respond on July 15, 2008 to Plaintiff's notice of debt dispute, providing him with information to validate the debt in accordance with FDCPA. See Ex. C to Petition [Dkt. No. 1] Ex. B. The FDCPA merely requires that when a request for validation of the debt is received by a "debt collector," it must cease collection activities until such time as it mails verification of the debt to the debtor. However, all debt collection

16

activities had ceased at the time of the request because it was made during the pendency of Plaintiff's bankruptcy actions.

Plaintiff's Petition also appears to seek equitable relief based on alleged violations of the FDCPA. However, equitable relief is not available in private actions under the FDCPA. Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830, 834 (11th Cir. 1982).

For the foregoing reasons, Plaintiff's claims under the FDCPA are **DISMISSED**.

### D. Fraudulent Debt and Security Deed Claims

To the extent that Plaintiff seeks to assert a claim against Defendants based upon allegedly fraudulent activities connected with the execution of the Note and Security Deed, the Court concludes that these claims also fail. Plaintiff fails to plead any facts whatsoever that would support a claim for fraud related to the loan transaction or the execution of the Note and Security Deed. For this reason, Plaintiff's claims are **DISMISSED**.

### Conclusion

Therefore, the Motions to Consolidate [Dkt. No. 6 in Case No. 1:09-CV-696-RWS and Dkt. No. 2 in Case No. 1:09-CV-962] are hereby **GRANTED**,

17

and the above-styled actions are consolidated into Case No. 1:09-CV-696-RWS; Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order (1:09-CV-00676-RWS [Dkt. No. 2] and 1:09-CV-00962-RWS [Dkt. No. 3]) are **DENIED**; Motion of Defendants Aurora and MERS to Dismiss [Dkt. No. 3] is hereby **GRANTED**. Accordingly, the Clerk shall enter judgment in favor of Defendants Aurora Loan Services LLC and Mortgage Electronic Registration Systems, Inc. as to all claims. The Clerk shall administratively close Case No. 1:09-CV-962-RWS.

**SO ORDERED**, this  15th  day of May, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)